NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

REBECCA JEAN BURT, *Plaintiff/Appellant,*

*v.*

JEFFREY ALAN GERLAK, et al., *Defendants/Appellees.*

No. 1 CA-CV 25-0526

FILED 08-03-2026

---

Appeal from the Superior Court in Yavapai County
No. S1300CV202400145
The Honorable Kristyne Marie Schaaf-Olson, Judge (*retired*)

**AFFIRMED**

---

COUNSEL

Rebecca Jean Burt, Prescott
*Plaintiff/Appellant*

Musgrove Drutz Butner & Gautreaux, PC, Prescott
By Mark W. Drutz and Jeffrey D. Gautreaux
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Daniel J. Kiley joined.

---

**F A B I A N**, Judge:

¶1        Rebecca Burt appeals from the superior court's final judgment granting summary judgment in favor of Jeffrey, Ronald, and Betty Gerlak on her claims against them. On appeal, she argues the superior court erred by entering summary judgment against her without considering her evidence or pending motions. This Court affirms.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        On February 14, 2024, Rebecca filed suit for conversion based on the Gerlaks' alleged refusal to return personal property to her.[1] On April 11, 2024, Rebecca filed an amended complaint alleging largely the same facts and containing the same counts of conversion.

¶3        Rebecca's complaint and first amended complaint alleged the following facts. Rebecca and Jeffrey were in a romantic relationship. They lived in a house owned by Jeffrey's parents, Ronald and Betty. After she moved out, Rebecca requested the Gerlaks return the personal property she left at the house. Included in that personal property was a Mercedes sedan, titled in Jeffrey's name, which Rebecca claimed to own. The Gerlaks refused to give her the Mercedes.

¶4        On June 25, 2024, Rebecca filed a second amended complaint. This time, she added claims for trespass to chattels, intentional infliction of emotional distress, assault, battery, and false imprisonment. With the exception of the trespass to chattels claim, Rebecca's new claims were all based on alleged incidents of domestic violence by Jeffrey occurring between February and April of 2022.

¶5        After Rebecca filed her second amended complaint, the Gerlaks moved for summary judgment on all of Rebecca's claims. After receiving an extension, Rebecca filed her response six days late. Rebecca did

---

[1] Because multiple parties share the same last name, this Court respectfully refers to each party by their first name.

not file a controverting statement of fact as required by Rule 56(c)(2), Ariz. R. Civ. P., to support her contention that there were genuine issues of material fact. The court granted the Gerlaks summary judgment without considering her response and gave the Gerlaks leave to file an application for attorney fees and costs.

¶6 After the superior court granted the Gerlaks summary judgment, but before final judgment was entered, Rebecca filed a motion to vacate the entry of summary judgment. Without ruling on that motion, the superior court entered final judgment under Rule 54(c), Ariz. R. Civ. P., which included an award of attorney fees and costs. Rebecca timely appealed and this Court has jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-2101(A)(1) and 120.21(A)(1).

## DISCUSSION

### I. The Superior Court Did Not Err in Granting Summary Judgment.

¶7 Rebecca argues that summary judgment was inappropriate because she presented genuine issues of material fact, and she was denied due process because the superior court granted summary judgment without considering her evidence.

¶8 This Court reviews a grant of summary judgment *de novo*. *Palmer v. Palmer*, 217 Ariz. 67, 69 ¶ 7 (App. 2007). This Court will affirm the grant of a motion for summary judgment if "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Summary judgment "should be granted if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).

¶9 A movant for summary judgment "bears the burden on a motion for summary judgment of producing uncontroverted prima facie evidence in support of its motion." *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 196 (App. 1990). The opposing party must respond to "set forth specific facts showing a genuine issue for trial," and if they do not do so, "summary judgment, if appropriate, shall be entered against that party." Ariz. R. Civ. P. 56(e). A party's failure to respond, however, does not, in and of itself, entitle the moving party to summary judgment. *Schwab v. Ames Const.*, 207 Ariz. 56, 59 ¶ 15 (App. 2004). The superior court "must consider the entire record before deciding a summary judgment motion." *Id.*

### A.    Conversion and Trespass to Chattels.

¶10        Rebecca alleged the Gerlaks committed conversion and trespass to chattels when they refused to return the Mercedes and other property to her.

¶11        To establish her conversion claim, Rebecca must show that the Gerlaks: 1) intentionally exercised dominion or control over her personal property, and 2) seriously interfered with Rebecca's right to control the property to an extent that the Gerlaks may justly be required to pay her for the full value of the inventory. *See Focal Point, Inc. v. U–Haul Co. of Ariz., Inc.,* 155 Ariz. 318, 319 (App. 1986). To establish her trespass to chattels claim, Rebecca needed to establish that she had "the right to retain the possession of the chattel as against" Jeffrey. Restatement (Second) of Torts § 222 cmt. e (1965).

¶12        In support of their motions for summary judgment, the Gerlaks submitted Rebecca's deposition testimony admitting she was given the opportunity to collect her personal property from the Gerlaks and had taken everything that belonged to her. Rebecca also testified that she had no evidence that Ronald and Betty had ever taken her property. As for the Mercedes, Rebecca acknowledged that title to the car was in Jeffrey's name and had never been in Rebecca's name.

¶13        Thus, the Gerlaks made a *prima facie* showing that Rebecca could not establish that they intentionally exercised dominion or control over her personal property because Rebecca was given the opportunity to take it. With respect to the Mercedes, the Gerlaks made a *prima facie* showing that Rebecca did not have a right to control or retain possession of it. *In re 1986 Chevrolet Corvette, License: None, VIN: 1G1Y678XG5905647, Seized in M.A.N.T.I.S. Case 9105079501,* 183 Ariz. 637, 639 (1994) (registered title to a vehicle is *prima facie* evidence of ownership).

¶14        Because Rebecca's response was untimely, the court was not required to consider it. *See* Ariz. R. Civ. P. 56(e) ("If the opposing party does not [appropriately] respond, summary judgment, if appropriate, shall be entered against that party."); *Schwab*, 207 Ariz. at 60 ¶ 16. Moreover, even if the court had considered her response, it would not have created a genuine issue of material fact as she failed to comply with Rule 56(e), which requires a party opposing summary judgment to "by affidavits or as otherwise provided in this rule, set forth specific facts showing a genuine issue for trial." The superior court did not err.

### B.     Remaining Tort Claims Against Jeffrey.

**¶15**     The superior court granted summary judgment to Jeffrey on Rebecca's remaining personal injury claims, which she first asserted in her second amended complaint, based on the two-year statute of limitations. A.R.S. § 12-542.

**¶16**     All of the alleged conduct giving rise to Rebecca's personal injury claims occurred between February 2022 and April 2022. Although Rebecca filed her first complaint on February 14, 2024, she did not assert her intentional infliction of emotional distress, assault, battery, and false imprisonment claims against Jeffrey and supporting factual allegations until June 25, 2024, when she filed her second amended complaint. Because that was over two years after the alleged conduct occurred, the statute of limitations for those tort claims had run and the claims could only survive if they related back to the original complaint. *See* Ariz. R. Civ. P. 15.

**¶17**     For the purposes of statutes of limitations, claims in an amended complaint relate back to an original pleading if they arise from the same conduct, transaction, or occurrence alleged in the original pleading. *See id.* Rebecca's original complaint asserted conversion claims arising out of the Gerlaks' alleged refusal to return Rebecca's property after she moved out. In contrast, Rebecca's tort claims arose out of the alleged domestic violence incidents with Jeffrey. Thus, these tort claims did not arise out of the same conduct, transaction, or occurrence and did not relate back. *See State v. Ariz. Bd. of Regents*, 253 Ariz. 6, 14 ¶¶ 32-34 (2022) (amended complaint relates back to date of original complaint when the added counts arise from the "same discrete transaction" that is the basis for the original counts). Because Rebecca's tort claims in her second amended complaint were brought outside the two-year statute of limitations, the superior court properly granted summary judgment.

## II.    The Superior Court Did Not Err in Entering Final Judgment Without Ruling on Rebecca's Pending Motion.

**¶18**     Rebecca argues that the superior court erred by not ruling on her motion to vacate before entering final judgment. She filed her motion pursuant to Arizona Rule of Civil Procedure 60(b) after the superior court had granted summary judgment to the Gerlaks, but before entry of final judgment. Rule 60 motions are only properly filed after entry of final judgment, not after a grant of summary judgment. *See Altman v. Anderson*, 151 Ariz. 209, 212 (App. 1986); Ariz. R. Civ. P. 60(b), (c)(1) (superior court may relieve party "from a *final* judgment, order, or proceeding" and Rule

60(b) motion must be made within reasonable time "*after* the entry of the judgment" (emphasis added)). And a motion under Rule 60(b) expressly does not affect the finality of a judgment. Ariz. R. Civ. P. 60(c)(2) ("The [Rule 60(b)] motion does not affect the judgment's finality or suspend its operation."). Therefore, the superior court did not err when it denied Rebecca's Rule 60 motion after entering final judgment.

### III.    Attorney Fees and Costs.

¶19        The Gerlaks request their attorney fees on appeal pursuant to A.R.S. §§ 12-341.01 and 349 and request their costs on appeal. The Gerlaks have not established that this claim arises out of contract or that Rebecca has asserted a claim without substantial justification, therefore, this Court denies their request for fees. However, as the successful parties on appeal, the Gerlaks may recover their taxable costs incurred in this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. § 12-341.

### CONCLUSION

¶20        This Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR